UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08663-CBM-(PVCx) | Date | November 21, 2024 |
| Title | Emil Hakim v. Lexisnexis Risk Solutions Inc. et al | | |

Present: The Honorable   CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**     **IN CHAMBERS- ORDER RE: PLAINTIFF'S MOTION TO REMAND [16]**

    The matter before the Court is Plaintiff's motion to remand this action to state court, filed on November 7, 2024. (Dkt. No. 16 ("Motion").) The Court finds that Plaintiff's motion, currently scheduled for hearing on December 3, 2024, is appropriate for decision without oral argument. The hearing on the motion is hereby taken off calendar.

    As an initial matter, Plaintiff noticed the hearing for the motion for December 3, 2024. Local Rule 6-1 states that a "notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing[.]" Plaintiff filed his motion twenty-five (25) days before the noticed hearing date. Therefore, Plaintiff's motion fails to comply with Local Rule 6-1.

    Plaintiff also failed to comply with Local Rule 7-3, which states that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion. If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'" It appears that Plaintiff failed to meet and confer with counsel for Defendants before filing his motion. The motion itself does not include the required statement confirming that a meet-and-confer took place. (*See* Dkt. No. 16.)

    Moreover, Plaintiff's motion is based on the argument that each of the Defendants sent him a "notice of his rights under the FCRA," which stated that Plaintiff could "sue for violations of the FCRA in either state or federal court." (Mot. at 3.) Plaintiff argues this language constitutes a "forum selection clause" which "grants Plaintiff the right to choose the state court as the exclusive forum." (*Id.* (emphases omitted).) "A forum selection clause designates the state or court where litigation may be brought." *Khokhar v. Yousuf*, 2017 WL 3535055, at *3 (N.D. Cal. Aug. 16, 2017). The provisions in the notices of rights to which Plaintiff cites are not forum selection clauses. These provisions merely state that "[i]f a consumer reporting agency, or, in some cases, a user of consumer reports

or a furnisher of information to a consumer reporting agency violates the FCRA, you *may* be able to sue in state or federal court." (Dkt. No. 16 at 14 ("Ex. A") (emphasis added).) The provisions do not *require* the parties to litigate in a particular court, nor do any provisions in the notices divest Defendants of their right of removal. *See Bruno v. U.S. Renal Care, Inc.*, 2022 WL 2439525, at *2 (C.D. Cal. July 5, 2022) ("While it is true that federal question jurisdiction does not mandate removal, 28 U.S.C. § 1446 vests the right of removal exclusively with the defendant").

Plaintiff alleges claims under the FCRA in his Complaint. (*See* Dkt. No. 1-1.) Section 1681p of the FCRA states that "[a]n action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction[.]" The "FCRA's provision *permitting* the filing of suit in 'any other court of competent jurisdiction' does not necessarily *prohibit* the removal of such a case to federal court." *Sodano v. Chase Bank USA, NA*, 2012 WL 1552796, at *4 (E.D. Cal. May 1, 2012), *report and recommendation adopted*, 2012 WL 4461075 (E.D. Cal. Sept. 25, 2012); *see also Bruno*, 2022 WL 2439525, at *2 ("Plaintiff . . . does not cite any legal authority for the proposition that a defendant may not remove an action in which the plaintiff has asserted a federal claim"). This Court has original jurisdiction of the FCRA claims under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims. *See Bruno*, 2022 WL 2439525, at *2 (finding court had original jurisdiction over FCRA claim and supplemental jurisdiction over related state law claims); *Harrington v. Choicepoint Inc.*, 2006 WL 8198396, at *3 (C.D. Cal. Oct. 11, 2006) ("This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the FCRA claim arises under the consumer credit laws of the United States as set forth in FCRA §§ 1681, *et seq*. This Court has supplemental jurisdiction over the California state law claims pursuant to 28 U.S.C. § 1367, as those claims are joined with related claims under the FCRA.").

Finally, the Court finds that Defendants complied with the procedure for removing cases to federal court under 28 U.S.C. § 1446(b). (*See* Dkt. No. 1 ("Notice of Removal").) Therefore, Defendants' removal of this action to federal court was proper.

For the reasons above, Plaintiff's motion to remand is **denied**.

**IT IS SO ORDERED.**